## MERCEDES POSTHUMA v. NORTHWESTERN HOSPITAL. F. B. POSTHUMA v. SAME.[1]

May 8, 1936.

No. 30,487.

*Richard Converse* and *Mark J. Woolley,* for appellants.
*George Hoke, C. A. Tancy, Jr.,* and *W. W. Brooks,* for respondent.

I. M. OLSEN, JUSTICE.

Plaintiffs appeal from an order denying their motion for a new trial.

Two actions were brought, one by Mercedes Posthuma to recover damages to her person, claimed to have been caused by negligence on the part of one of defendant's nurses in injecting a morphine solution into her arm with a hypodermic needle; the other, by the husband, F. B. Posthuma, based on the same claim of negligence, to recover expenses incurred by him for doctors' and hospital charges. It is conceded that the injection of the morphine had been directed

[1]Reported in 267 N. W. 221.

by the husband and was a proper remedy for the pain and illness with which the plaintiff Mercedes Posthuma was suffering. The negligence claimed is that the nurse injected the needle in a place on the arm which she had not sterilized with the sterilizing agent used for that purpose. The two actions were tried together before the court and jury. At the close of the evidence the court directed a verdict for the defendant in each case. There was a joint motion for a new trial in both cases, and the appeal is from the order denying such motion.

We refer to the wife as plaintiff. She was brought to defendant's hospital at about four o'clock in the morning of May 30, 1932, suffering from an attack of what her physician termed "a functional neurosis," which causes a constriction of muscles in the heart area and interferes with the flow of blood through the heart. This causes intense pain in the region of the heart. She was unconscious to the extent that she did not know what took place at the hospital that early morning. She was placed in one of the hospital rooms. Her husband and two friends, Mr. and Mrs. Striegel, accompanied her to the hospital. Plaintiff had suffered this kind of an attack on several prior occasions, and the treatment used by her family physician was the injection of a morphine solution in the arm and occasionally some sedative. The attacks usually passed off in a short time. Plaintiff's husband told the hospital interne, there present, as to what treatment had been used and asked that a morphine injection be given the plaintiff at once. The interne then directed a nurse to give such an injection, which was done. Plaintiff recovered from the attack so that she returned to her home in the afternoon of the same day. She testified that the arm, at the place where the injection had been made, became sore, and that she went to see her physician in the evening of the next day after she came home. We need not detail the subsequent history of the case at this point except to say that infection appeared in the arm and caused long illness and suffering.

The negligence sought to be established was that the nurse giving the morphine injection, after sterilizing in a proper manner the place on the arm for the insertion of the hypodermic needle, negli-

gently inserted the needle above and outside of the area sterilized. The claim is that this caused the infection in the arm.

The husband and Mr. Striegel testified that they were near the bed on which plaintiff was resting at the time and saw the nurse sterilize a round area about three or four inches in diameter on the arm about midway between the shoulder and elbow. The husband testified that he saw the nurse insert the hypodermic needle, but did not testify directly that the needle was inserted outside of the area sterilized. He testified that the area sterilized did not embrace the point where the present scar is located. This appears to be a conclusion on his part. This scar was made by lancing or cutting into the abscess which later developed in the arm. Mr. and Mrs. Striegel were not present in the room when the hypodermic injection was made, but testified that they were there when the arm was sterilized, and Mr. Striegel pointed out the area that he claimed was sterilized. He said the scar apparently was not within the area sterilized.

The plaintiff testified that the day after the injection she noticed what she termed a pin point where the needle had gone in, a perforation of the skin, and that this was at the site of the scar left by the lancing of the abscess. She stated the conclusion that this scar was at the point where the injection of morphine was made.

The evidence of these witnesses is sufficient to justify a jury in finding that the conceded infection in the arm developed either at or near the point where the hypodermic needle was inserted.

At the time the morphine injection was made plaintiff's physician was not in the city. He first saw the arm two days later. He testified that he saw no mark on the arm to indicate where the needle had been inserted. He did find a small swelling in the arm about the size of a hickory nut and some redness and hardness of the skin around the swelling, and four days later made an incision in the highest part of the swelling. He found there was an infection. He treated plaintiff from the time he first examined the arm.

Defendant called two of the hospital nurses who testified they were in the room and assisted each other in giving the morphine injection, one of them holding up the patient's arm and the other sterilizing

the arm and injecting the morphine. Both of them testified that the arm was sterilized at the place where the injection was made. One of them testified as to the rules prescribed for giving a morphine injection and that these rules were followed. Both testified that the injection was made immediately after the site was sterilized.

There is some conflict in the evidence. The husband and Mr. and Mrs. Striegel testified that only one nurse was in the room when they were there and that she was not aided by the other. The nurses testified that Mr. and Mrs. Striegel were not in the room at any time during the sterilization and the injection of the morphine.

As to the limits of the area sterilized, both the husband and Mr. Striegel were vague. Mr. Striegel, when asked about his recollection as to the area, said: "I think it would be an awfully hard question to answer. * * * I don't remember any definite area. I would say an approximate area." Plaintiff herself did not know what part of the arm was sterilized.

The evidence, taken as a whole, is insufficient to justify any finding by the jury that plaintiff's arm was not sterilized at the place where the needle was inserted, and, that being the only negligence sought to be proved, the defendant was entitled to a directed verdict.

The testimony of the family doctor who later treated the plaintiff, as far as it could be of any benefit to the plaintiffs, is based on the assumption that the needle was inserted at an unsterilized place on the arm. He had no knowledge of and did not claim to know what portion of the arm had been sterilized.

Order affirmed.